IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CURTIS RUSH,

                    Petitioner,

          v.                                CASE NO. 05-3296-SAC

STATE OF KANSAS,

                    Respondent.

CURTIS RUSH,


                    Petitioner,

          v.                                CASE NO. O5-3305-SAC

STATE OF KANSAS,

                    Respondent.


                        O R D E R

     By its order of July 14, 2005, the court consolidated these
habeas corpus petitions and directed petitioner to show cause why
this matter should not be dismissed as untimely.

     Petitioner has submitted a response, and the court enters the
following findings and order.

**Background**

     Petitioner's conviction became final on approximately October
10, 2003, ninety days after the denial of his petition for review
by the Kansas Supreme Court.  Unless the limitation period was

tolled, petitioner had one year from that date to file a petition for federal habeas corpus.  Because the earlier of the two habeas actions in this consolidated action is postmarked June 28, 2005, approximately two years after the conviction became final, the court directed petitioner to show cause why this matter should not be dismissed.

In response to the court's order, petitioner states he was arrested on June 13, 2004, on city warrants.  Additional state charges were filed, and on June 18, 2004, he notified the Paul E. Wilson Defender Project of his change of address.  He did not receive a response, and he suggests the letter was intercepted. On July 8, 2004, petitioner again wrote the Defender Project concerning the status of his petition.  On July 10, 2004, petitioner was transferred to Midwest Security Housing in Pattonsburg, Missouri.  During his placement there, petitioner received correspondence from the Defender Project on July 16, 2004, and a letter from the Wyandotte County District Court.

Petitioner again wrote the Defender Project inquiring about the status of his petition, and on July 29, 2004, he received a reply and a copy of the petition (Case No. 05-3296, Doc. 5, Ex. 6).  The letter advised petitioner how to file the petition. Petitioner states he was prevented from obtaining copies due to his financial status.  Petitioner contends that he was denied access to the courts.

2

## Discussion

As noted in the order to show cause, a one-year limitation period applies to an application for a federal writ of habeas corpus.  28 U.S.C. 2244(d)(1).  The limitation period is tolled during the time a properly filed application for state post-conviction or collateral review is pending, 28 U.S.C. 2244(d)(2), but petitioner does not claim he sought such relief.

In "rare and exceptional circumstances," the limitation period is subject to equitable tolling.  York v. Galetka, 314 F.3d 522, 527 (10th Cir. 2003).  Such tolling is appropriate "when a prisoner is actually innocent" or "when an adversary's conduct-or other uncontrollable circumstances-prevents a prisoner from timely filing." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).  Excusable neglect is not sufficient to warrant equitable tolling, id., and such tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Having carefully examined the record, the court finds no basis to grant equitable tolling.  While petitioner has identified certain obstacles to his pursuit of relief, the record shows petitioner had a copy of the petition no later than late July 2004, and he has not identified any compelling reason for

3

his failure to submit the petition until late June 2005.  The court concludes petitioner has failed to show that he diligently pursued his claims for relief and therefore will dismiss his consolidated petitions as untimely.

IT IS THEREFORE ORDERED the consolidated petition for habeas corpus is dismissed due to petitioner's failure to timely file an application for habeas corpus relief.

IT IS FURTHER ORDERED petitioner's motions for leave to proceed in forma pauperis are denied as moot.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED**.

DATED:  This 29th day of July, 2005, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

4